UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALEENA SAEED<br><br>                              Plaintiff.<br><br>— against —<br><br>ASML US, LLC<br><br>                              Defendant. | Civil Action No. 24-05176-DLC<br><br>PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO ASML'S MOTION TO DISMISS |

**Response to ASML's Rule 12(b)(2) motion — Jurisdiction**

"If a defendant challenges personal jurisdiction by filing a Rule 12(b)(2) motion, "the plaintiff need persuade the court only that its factual allegations constitute a prima facie showing of jurisdiction." *Ingenito v. Riri USA, Inc.*, 89 F. Supp. 3d 462, 472 (E.D.N.Y. 2015). Plaintiff filed an Amended Complaint with exhibits (attached collectively as Exhibit "1") which contains some of the following main factual allegations as to jurisdiction:

Allegation 1(d) and the accompanying Exhibit "3" – Consent to Jurisdiction

"A defendant's knowing and voluntary consent, whether express or implied, can serve as an independent basis for personal jurisdiction." *Fuld v. The Palestine Liberation Org.(PLO),* 82 F.4th 74, 85 (2d Cir. 2023). "The Supreme Court has recognized a variety of legal arrangements that have been taken to represent express or implied consent to personal jurisdiction consistent with due process. For example, a defendant's consent to personal jurisdiction may be implied based on litigation-related conduct…" *Id*. at 88. "The defendant need not specifically intend to consent to jurisdiction but need only take a voluntary act that the law treats as consent." *Fuld v. The Palestine Liberation Org.*, 101 F.4th 190, 210 (2d Cir. 2024).

1

ASML consented to regulatory oversight in the sphere of discrimination in the document entitled "New Hire Packet Policy Acknowledgments" — issued to Plaintiff and signed by her on August 9, 2022.  The relevant portions of such read as follows.  For example, the "Additional Enforcement Information" section reads: "In addition to the Company's internal complaint procedure, please be aware that the federal Equal Employment Opportunity Commission ("EEOC") and state equivalent, including but not limited to…. **New York State Division of Human Rights** (*emphasis added*)… investigate and prosecute complaints of harassment, discrimination and retaliation in employment.  These agencies have the authority to conduct investigations of the facts and if they believe that a complaint is valid and settlement efforts fail, they may file a lawsuit in court."

In this document — signed by the Plaintiff — ASML explicitly gives the option to the Plaintiff to file any discrimination complaint with a New York State regulatory agency.  It is being submitted that ASML, therefore, explicitly consented to the jurisdiction of the New York State courts if Plaintiff were to file a complaint in New York State by recognizing the authority of New York's regulatory bodies, especially  by saying that "these agencies have the authority to conduct investigations…"  For example, when ASML in this document says that agencies like the New York State Division of Human Rights have the authority to conduct investigations, then ASML acknowledges that such organizations may seek to hold ASML accountable in New York if Plaintiff were to file a discrimination complaint in New York; therefore, ASML may not genuinely claim to then refuse to participate in such an investigation by the New York State authorities if ASML was contacted by them about a complaint of discrimination.

ASML should have disclosed the existence of this document in their first motion to dismiss, and had Plaintiff not retained this document and not included this information in the

Amended Complaint, this Court would not know about it as ASML is trying to dismiss the entire case before any discovery. Furthermore, the affidavit from Human Resources that ASML submitted as part of their motion is silent on this point.

As the Court of Appeals further stated in *Fuld*: "The Supreme Court has also recognized that a prospective defendant may be subject to personal jurisdiction if it has accepted a government benefit from the forum, in return for which the defendant is required to submit itself to suit in the forum." 82 F.4th 74 at 89. It is being submitted that, for example, the full parameters of the below described press release highlighting ASML's dealings with New York State — including ASML's sale of a $400 million lithography machine — can only be explored in discovery, because, for example, ASML in one of its contracts with the State of New York, could have submitted to personal jurisdiction in this State.

Allegations 1(a), (b) and the accompanying exhibit "2"

ASML derives substantial revenue from the State of New York and maintains three large offices. This exhibit makes clear that ASML is a big part of as the press release (dated December 11, 2023) says: "Bringing the Future of Advanced Semiconductor Research & Manufacturing to New York's Capital Region."

This release notes: "Under this new initiative, NY CREATES will acquire and install High NA EUV lithography tool designed and manufactured by ASML…" According to a news article, The State of New York paid $400 million for such ASML lithography machine. (Exhibit "3", page 6, highlighted).

ASML does not attach any financials, rather ASML's sole exhibit in support of its motion is an affidavit by Human Resources, which says: "ASML's New York revenue accounted for 1.14 percent of ASML's total US revenue for 2023." This affidavit is completely silent as to how the

3

Director of Human Resources is qualified to speak about ASML's financials — it just says "to the best of my knowledge and belief" without disclosing any of the source of her knowledge. This is not an affidavit from a CFO or CEO but from a Director of Human Resources who is not an officer of the Defendant company.

It is noteworthy that this affidavit does not list this figure in dollars but rather as a percentage, perhaps to mask its enormity, which is approximately $349 million USD, apparently not even including the sale of the above-described $400 lithography equipment[1]. Additionally, this figure, even if accurate, does not take into account any future contracts (e.g. maintenance and service of any equipment) and expected revenue as the above-described press release was issued at the end of 2023, therefore, only discovery can reveal the true figures as ASML did not attach any financials or a reliable affidavit.

ASML has three large offices in New York State. The first such office is entitled "ASML Albany", located at 255 Fuller Road, NanoFab South, Albany, NY 12203; and "ASML Fishkill", located at 60 Merritt Boulevard, Suite 105, Fishkill, NY 12524; and "ASML Clifton Park", located at 800 State Route 146, Suite 365 Town Plaza, Clifton Park, NY 12065.

ASML's sole affidavit in opposition to this point from the Director of Human Resources says that "ASML's operations in New York are devoted exclusively to providing customer support for its customers in the state." Customers of what product? ASML's computer chips that Plaintiff was part of in manufacturing? Paragraph 1(c) alleges that Plaintiff was part of the chip making process at ASML, and ASML did not eliminate the issue of whether the computer chips that Plaintiff worked on ended up in New York.

---

[1] Exhibit "2" is a part of ASML's financials taken from their website — it lists 27,558 billion Euros revenue in 2023. Converted to USD, it is approximately 30,562 billion USD. 1.14% of this figure is approximately $349 million USD.

4

Discovery is needed to reveal the scope of this customer support, and it is not clear why ASML believes customer support work disqualifies them from being subject to jurisdiction as opposed to other work. ASML leases three large offices, therefore, it is reasonable to assume that ASML maintains much larger operations than perhaps answering phones to provide customer support as their response seems to suggest.

Allegations 1(c), (e) and the accompanying Exhibit "4"

This exhibit makes clear that ASML operates in New York and under the "What we do" section it says: "At ASML, we design and integrate lithography systems…" Plaintiff worked in the lithography division at ASML, and ASML's affidavit did not eliminate the issue of fact as to whether Plaintiff's work was part of any products and services that ended up in New York. ASML's affidavit only says that "Plaintiff worked as an Optical Fabrication Technician, focused solely on pre-market product manufacturing."

Allegation 1(g) — Service of Process

This allegation states that ASML has presence in New York City for accepting service of process at 28 Liberty Street, New York, NY 10005. ASML's affidavit from the Director of Human Resources, in paragraph 6, states that "upon information and belief" this address has never been ASML's principal place of business. As with other statements in this brief and unsubstantiated affidavit, no basis for this belief is disclosed, and this statement of "upon information and belief" is in direct contradiction to the way this affidavit begins at paragraph 2 where she says: "I am fully familiar with the facts and circumstances set forth herein and have personal knowledge of the same."

**Response to the Rule 12(b)(6) seeking dismissal of the federal & state claims**

"When evaluating a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court must presume all factual allegations of the complaint to be true and take all reasonable inferences in favor of the non-moving party." *Boyce v. General Railway Signal, Co.*, No. 99-CV-6225T, at *3 (W.D.N.Y. June 10, 2004) (*Citing Miree v. DeKalb Co., Georgia*, 433 U.S. 25, 27 n. 2 (1977). "The complaint should not be dismissed for failure to state a claim unless it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." *Id* (Citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

In the sphere of discrimination cases, specifically, the Second Circuit Court of Appeals declared in *Vega v. Hempstead Union Free Sch. Dist.*, "a plaintiff is not required to plead a *prima facie* case under *McDonnell Douglas*, at least as the test was originally formulated, to defeat a motion to dismiss. Rather, because a temporary presumption of discriminatory motivation is created under the first prong of the *McDonnell Douglas* analysis, a plaintiff need only give plausible support to a minimal inference of discriminatory motivation." 801 F.3d 72, 84 (2015). Similarly, the Court in *Vega* added: "Again, as we made clear in *Littlejohn*, at the initial stage of a litigation, the plaintiff's burden is minimal — he need only plausibly allege facts that provide at least minimal support for the proposition that the employer was motivated by discriminatory intent." *Id*. at 87.

"The Plaintiff has a *de minimis* burden to produce direct or circumstantial evidence that would lead a reasonable fact-finder to conclude that his employer's adverse actions occurred under circumstances giving rise to an inference of discrimination. At the very least, Plaintiff must 'show that discrimination was 'at least one of the motivating factors' in the employer's

6

decision.'" *Evarts v. Quinnipiac Univ.* Civil Action No. 3:15cv1509 at p. 49 (D. Conn. Oct. 4, 2018, *Citing Holcomb v. Iona Coll.*, 521 F.3d 130, 137 (2d Cir. 2008).

"Furthermore, the ADA plaintiff may show pretext by demonstrating such weaknesses, implausibilities, inconsistencies, incoherences, or contradictions in the employer's proffered legitimate reasons for its actions that a reasonable factfinder could rationally find them unworthy of credence and hence infer that the employer did not act for the asserted non-discriminatory reasons." *Id*. at 50.

It is being submitted that the factual allegations — some of which are highlighted below — taken as the truth, can lead a reasonable factfinder to conclude that if not for Plaintiff's disability, she would not have been terminated.  The factual allegations make it clear that the Plaintiff would have remained at the position for which she was hired and not terminated had it not been for two of her mental breakdowns and documented psychiatric diagnoses.

For example, it is alleged that after suffering two mental breakdown (in October and November of 2022), ASML was notified by letter on February 10, 2023 that Plaintiff is undergoing treatment for psychosis, panic disorder, and anxiety disorder and was cleared to work without restrictions.  As an example, a panic and anxiety disorders are recognized impairment under the ADA. (*See Cody v. County of Nassau*, 577 F. Supp. 2d 623, 638 (E.D.N.Y. 2008)).

It is then alleged that just a few weeks later, on February 28, 2023, ASML began making false statements about Plaintiff's performance and recommended termination. (Ex. "1" at ¶12).

ASML then falsely claimed that Plaintiff violated a non-existent visitation policy as a pretext for terminating her employment and forced Plaintiff to have her family members execute false affidavits.  (*Id*. at ¶¶15-17).

The Amended Complaint describes at length how Plaintiff's major life activities were and continue to be limited. (*Id*. at ¶22).

Paragraphs 14 and 25 contain allegations concerning disparate treatment of similarly situated employees. *Id*. "Whether two employees are similarly situated ordinarily presents a question of fact for the jury." *Graham v. Long Island R.R.*, 230 F.3d 34, 39 (2d Cir. 2000). It is being submitted that at this pre-discovery stage, it is impossible to definitively plead all aspects of this theory of discrimination, as Plaintiff was able to identify certain individuals as contained in the referenced allegations.

As to retaliation, a causal connection between the protected activity and the adverse action in retaliation claims can be shown "indirectly, by showing that the protected activity was followed closely by discriminatory treatment.." *Natofsky v. City of N.Y.*, 921 F.3d 337, 353 (2d Cir. 2019).

Recommendation to terminate and termination followed closely after the mental breakdowns, and termination followed closely after Plaintiff's manager began referring to Plaintiff as "Pakistani." Furthermore, termination occurred approximately two weeks after Plaintiff complained to ASML's Human Resources as alleged in the Amended Complaint. (Ex. "1" at ¶¶12, 14-17.)

"While it is unnecessary for an individual to specifically invoke the word discrimination when complaining in order to alert her employer to her protected activity, there must be some basis to conclude that the employer was aware that the plaintiff engaged in protected activity." *Id*. at 354. In the above-captioned matter, Plaintiff specifically referenced discrimination in her letter on August 8, 2023. (Ex. "1" at ¶14).

8

Paragraph 16 of the amended complaint states that ASML wrote to the Plaintiff: "ASML has looked into the concerns you raised and was unable to substantiate them." *Id*. It is being submitted that only discovery can reveal the internal investigatory notes by Human Resources and Ethics and Compliance to determine what investigation, if any, was conducted and on which topics.

<u>Hostile working environment</u>

"The effect on the employee's psychological well-being, is, of course, relevant to determining whether the plaintiff actually found the environment abusive." *Dortz v. City of New York*, 904 F. Supp. 127, 149 (S.D.N.Y. 1995). The totality of circumstances must be examined. *Id*.

The Amended Complaint alleges that shortly after Plaintiff returned to work after suffering two mental breakdowns, management began making false statements about her performance and recommended termination. Ex. "1" at ¶12. Furthermore, Plaintiff's immediate supervisor began disclosing and announcing her race/national origin, which caused Plaintiff to receive unsolicited communications of personal nature. *Id*. at ¶14. While ASML minimizes this in their moving papers, this case involves a woman who claims ASML drove her to two serious psychotic episodes and recommended termination approximately a week after she had returned.

WHEREFORE: It is respectfully being submitted that as a result of the foregoing, Plaintiff's case should proceed to the discovery phase and ASML's motion should be denied.

September 11, 2024

Respectfully Submitted,

*Garry Pogil*
_____
Garry Pogil (*Attorney for the Plaintiff, Aleena Saeed*)