**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ALEENA SAEED,<br><br>                    Plaintiff,<br><br>     -against-<br><br>ASML US, LLC,<br><br>                    Defendant. | Case No.: 1:24-cv-05176-DLC |

**DEFENDANT'S REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

## **TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ............................................................................................... 1

ARGUMENT .......................................................................................................................... 1

I.  PLAINTIFF FAILS TO MEET HER BURDEN OF ESTABLISHING
    PERSONAL JURISDICTION ................................................................................... 1

    A.  ASML's Inclusion of a Mandatory Employment Disclosure Does Not
        Constitute Implied Consent to Jurisdiction ............................................. 2

    B.  Selling Products Within a State Does Not Establish Consent to Personal
        Jurisdiction (or Justify Jurisdictional Discovery) .................................... 3

    C.  Cynthia Houston's Credibility Is Not At Issue ...................................... 5

    D.  None of Plaintiff's Ancillary Allegations Establish a Prima Facie Case of
        Jurisdiction .............................................................................................. 6

II. PLAINTIFF FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE
    GRANTED ................................................................................................................ 6

    A.  Plaintiff Has Not Plausibly Pled an Inference of Disability Discrimination ......... 6

    B.  Plaintiff Does Not Address Racial Discrimination in Her Opposition .................. 8

    C.  Plaintiff Does Not Sufficiently Plead That She Engaged in Protected
        Activity .................................................................................................... 8

    D.  Plaintiff Misstates the Standard and Fails to State a Hostile Work
        Environment Claim .................................................................................. 9

CONCLUSION ....................................................................................................................... 10

**TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)..................................................................................................1, 7

*Aybar v. Aybar*,
  37 N.Y.3d 274, 177 N.E.3d 1257 (2021)........................................................................3

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007)........................................................................................................1

*Bodum U.S.A., Inc. v. Hantover, Inc.*,
  No. 11 CIV. 8702 SAS, 2012 WL 1309176 (S.D.N.Y. Apr. 16, 2012) ..........................5

*BWP Media USA Inc. v. Hollywood Fan Sites, LLC*,
  69 F. Supp. 3d 342 (S.D.N.Y. 2014)...............................................................................6

*Cardwell v. Davis Polk & Wardwell LLP*,
  No. 1:19-CV-10256-GHW, 2020 WL 6274826 (S.D.N.Y. Oct. 24, 2020)............................7

*Comercio Ltda. v. Bertin*,
  No. 22 CIV. 4594 (PGG), 2024 WL 196670 (S.D.N.Y. Jan. 18, 2024) ...............................4, 5

*Cousin v. Bennett*,
  511 F.3d 334 (2d Cir. 2008)............................................................................................9

*Daimler AG v. Bauman*,
  571 U.S. 117 (2014)........................................................................................................5

*Daou v. BLC Bank, S.A.L.*,
  42 F.4th 120 n.6 (2d Cir. 2022) ......................................................................................4

*Dortz v. City of New York*,
  904 F. Supp. 127 (S.D.N.Y. 1995) .................................................................................9

*Fuld v. The Palestine Liberation Org.*,
  101 F.4th 190 (2d Cir. 2024) ..........................................................................................2

*Fuld v. The Palestine Liberation Org. (PLO)*,
  82 F.4th 74 (2d Cir. 2023) ..............................................................................................3

*Harris v. Forklift Systems, Inc.*,
  510 U.S. 17, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993).....................................................10

*Henry v. NYC Health & Hosp. Corp.*,
   18 F. Supp. 3d 396 (S.D.N.Y. 2014)..................................................................................8

*Jackson v. Wells Fargo Home Mortgage*,
   811 Fed. App'x. 27 (2d Cir. 2020)......................................................................................7

*Jazini v. Nissan Motor Co.*,
   148 F.3d 181 (2d Cir.1998).................................................................................................4

*Kearney v. Pyramid Mgmt Grp., Inc.*,
   No. 98-CV-0531E (SC), 2000 WL 744000 (W.D.N.Y. June 5, 2000).................................9

*Kelly v. Howard I. Shapiro & Assocs. Consulting Eng'rs, P.C.*,
   716 F.3d 10 (2d Cir. 2013)................................................................................................. 9

*Langenberg v. Sofair*,
   No. 03 CV 8339 KMK, 2006 WL 2628348 (S.D.N.Y. Sept. 11, 2006)...................................4

*Littlejohn v. City of New York*,
   795 F.3d 297 (2d Cir. 2015)..............................................................................................10

*Lipton v. Cnty of Orange, N.Y.*,
   315 F.Supp.2d 434 (S.D.N.Y. 2004)...................................................................................8

*Metropolitan Life Insurance Co. v. Robertson-Ceco Corp.*,
   84 F.3d 560 (2d Cir. 1996)..................................................................................................1

*Norwick v. Vill. of Wappingers Falls, New York*,
   376 F.Supp.3d 318 (S.D.N.Y. 2019)...................................................................................8

*Patane v. Clark*,
   608 F.3d 106 (2d Cir. 2007).............................................................................................10

*Robinson v. Fischer*,
   No. 09 Civ. 8882(LAK)(AJP), 2010 WL 5376204 (S.D.N.Y. Dec. 29, 2010) .........................8

*Small v. N.Y.C. Dep't of Educ.*,
   650 F. Supp. 3d 89 (S.D.N.Y. 2023)...................................................................................9

*Vega v. Hempstead Union Free sch. Dist.*,
   801 F.3d 72 (2d Cir. 2015).............................................................................................6, 7

**Other Authorities**

9 NYCRR § 466.1(a) ................................................................................................................2, 3

N.Y. C.P.L.R. §§ 301-302 ............................................................................................................1

Fed. R. Civ. P. 8............................................................................................................................6

Fed. R. Civ. P. 12(b)(2)............................................................................................................1

Fed. R. Civ. P. 12(b)(6)............................................................................................................1

**PRELIMINARY STATEMENT**

In her Opposition to Defendant's Motion to Dismiss (ECF No. 21) (the "Opposition"), Plaintiff fails to meet her burden of establishing personal jurisdiction over ASML. Plaintiff's threadbare Opposition concedes (by not disputing) that this Court does not have general or specific personal jurisdiction over ASML. As set forth below, Plaintiff fails to plead facts sufficient to establish that ASML impliedly consented to personal jurisdiction, and the Court should decline her invitation to bolster her inadequate pleading by permitting jurisdictional discovery.

Plaintiff's Opposition also fails to address numerous arguments made by ASML in its Motion to Dismiss under Rule 12(b)(6). Thin on legal support, the cases Plaintiff does cite are summary judgment cases that offer little value on a motion to dismiss. For the reasons set forth below, Plaintiff's Opposition does not save her claims from dismissal for failing to state a claim for relief under *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

**ARGUMENT**

**I.    PLAINTIFF FAILS TO MEET HER BURDEN OF ESTABLISHING PERSONAL JURISDICTION.**

In her Opposition, Plaintiff completely ignores New York's long-arm statute (N.Y. C.P.L.R. §§ 301-302) and does not attempt to refute any argument made, or distinguish any case cited, by ASML in its Motion. Effectively conceding that the Court does not have general or personal jurisdiction over ASML, Plaintiff pivots to argue that ASML impliedly consented to personal jurisdiction in New York. Acknowledging that she has no facts to support this argument, Plaintiff asks the Court to permit jurisdictional discovery to help her bolster her inadequate pleading. The Court should decline Plaintiff's invitation to sanction a jurisdictional fishing expedition, and it should grant ASML's motion to dismiss under Rule 12(b)(2) because, even taking Plaintiff's uncontroverted allegations as true, she has failed to allege facts sufficient to meet her burden of showing that the Court has jurisdiction over ASML. *Metropolitan Life Insurance Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 566 (2d Cir. 1996). ASML addresses each of Plaintiff's jurisdictional arguments below.

      **A.**    **ASML's Inclusion of a Mandatory Employment Disclosure Does Not Constitute Implied Consent to Jurisdiction.**

Because she cannot prove the Court has general or specific personal jurisdiction over ASML, Plaintiff argues that ASML consented to jurisdiction. *Fuld v. The Palestine Liberation Org.*, 101 F.4th 190, 193 (2d Cir. 2024) (*citing Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472-73, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985)) ("The Supreme Court has recognized three bases for exercising personal jurisdiction over an out-of-forum defendant in accordance with the dictates of due process: general jurisdiction, specific jurisdiction, and consent."). According to Plaintiff, ASML engaged in litigation-based conduct amounting to implied consent to personal jurisdiction when it informed employees through its policy prohibiting discrimination and harassment that the equal employment opportunity agencies in their respective states, including (relevant to the small group of employees whose work state is New York), that the New York State Division of Human Rights ("NYDHR") and several others (as applicable to those employees whose work states are those other states), "investigate and prosecute complaints of harassment, discrimination and retaliation in employment." ECF No. 23-1, at Exh. 3. Plaintiff's argument fails.

First, because ASML has employees in New York, it is legally required to notify its New York employees that equal employment opportunity complaints can be filed with the NYDHR. *See* 9 NYCRR § 466.1(a) (employers must "maintain at is offices, places of employment or employment training centers, notices furnished by the Division of Human Rights, indicating the substantive provisions of the Human Rights Law, the place where complaints may be filed and such other information as the Division of Human Rights deems pertinent."). Importantly, ASML's policy also informs its Connecticut employees of their right to file charges with the Connecticut Commission Human Rights and Opportunities ("CHRO") – the state equal employment opportunity agency where Plaintiff (as a Connecticut employee and resident) filed her underlying discrimination charge. ECF No. 23-1, at Exh. 3; ECF No. 16 at ¶ 3.

Second, as Plaintiff suggests, the U.S. Supreme Court and the Second Circuit Court of Appeals have recognized that a defendant's consent to personal jurisdiction may be implied based on a narrow set of litigation-related conduct. *Fuld v. The Palestine Liberation Org. (PLO)*, 82 F.4th 74, 88 (2d Cir. 2023). In *Fuld* (the only case cited by Plaintiff in support of her personal

jurisdiction argument), the court identified the kinds of litigation-related conduct from which consent to personal jurisdiction may be implied, which includes a voluntary in-court appearance (other than for purposes of contesting jurisdiction), failure to timely object to personal jurisdiction, and failing to comply with an order concerning jurisdictional discovery. *Id.* (citing *Ins. Corp. of Ir. v. Compagnie Des Bauxites De Guinee*, 456 U.S. 694, 702 (1982)). ASML has not engaged in any such conduct. And, unsurprisingly, informing employees in a policy of the state agencies that investigate discrimination claims was not identified by the court as litigation-related conduct that could imply consent to personal jurisdiction.

ASML's compliance with 9 NYCRR § 466.1(a) is not "litigation-related conduct" constituting implied consent to personal jurisdiction in New York. Plaintiff cites no case law supporting her argument. To the contrary, New York courts have firmly held that mandatory compliance with New York laws, such as business registration requirements, does not constitute consent to personal jurisdiction. For example, "a foreign corporation does not consent to general jurisdiction in this state merely by complying with the Business Corporation Law's registration provisions." *Aybar v. Aybar*, 37 N.Y.3d 274, 290, 177 N.E.3d 1257, 1266 (2021). Likewise, ASML did not consent to general jurisdiction in New York by complying with 9 NYCRR § 466.1(a) and including required information in employment policies available to all of its employees throughout the country.

**B.  Selling Products Within a State Does Not Establish Consent to Personal Jurisdiction (or Justify Jurisdictional Discovery).**

Plaintiff next argues that "ASML in one of its contracts with the State of New York, *could have* submitted to personal jurisdiction in this State." ECF No. 23, at p. 3 (emphasis added). She also raises two irrelevant questions regarding (1) how many dollars in revenue ASML earns from sales within the State of New York; and (2) whether the computer chips Plaintiff helped create *in Connecticut* "ended up in New York." *Id*. at pp. 4, 5. Based on this pure speculation, Plaintiff suggests that the Court should order jurisdictional discovery – though she does not identify what discovery is needed or why it is relevant to the issue of whether the Court has personal jurisdiction over ASML. The issues Plaintiff raises are not relevant, and the discovery she vaguely alludes to is not justified.

First, Plaintiff offers absolutely no facts in support of her statement that "ASML in one of its contracts with the State of New York, *could have* submitted to personal jurisdiction in this State." ECF No. 23, at p. 3 (emphasis added). The article Plaintiff cites states that "NY CREATES *will acquire* and install a High NA EUV lithography tool, designed and manufactured by ASML, at its Albany NanoTech Complex." ECF No. 23-1, at Exh. 2 (emphasis added). Plaintiff offers no evidence that: (1) a transaction between ASML and the State of New York has actually occurred to date; (2) ASML entered into a contract with the State of New York; or (3) ASML consented to personal jurisdiction in New York for employment-related claims by its Connecticut employees as part of a transaction with the State of New York relating to a High NA EUV lithography tool. Rather, Plaintiff speculates that, because any of these things "*could have*" happened, she should be entitled to jurisdictional discovery. That is not the law.

This Court has wide latitude to determine the scope of discovery, and it is "within its discretion to deny jurisdictional discovery when the plaintiff has not made out a prima facie case for jurisdiction." *Daou v. BLC Bank, S.A.L.*, 42 F.4th 120 133 n.6 (2d Cir. 2022) (alterations omitted). "As a rule, a plaintiff is not entitled to jurisdictional discovery to enable her to bolster an inadequate pleading if the defendant merely challenges the legal sufficiency of the jurisdictional allegations in the complaint, and does not place the factual basis for personal jurisdiction in issue." *Langenberg v. Sofair*, No. 03 CV 8339 KMK, 2006 WL 2628348, at *6–7 (S.D.N.Y. Sept. 11, 2006) (*citing In re Teligent*, 2004 WL 724945, at *6). And "[d]iscovery need not be granted to allow [a] plaintiff to engage in an unfounded fishing expedition for jurisdictional facts." *Equipav S.A. Pavimentacao, Engenharia e Comercio Ltda. v. Bertin*, No. 22 CIV. 4594 (PGG), 2024 WL 196670, at *7 (S.D.N.Y. Jan. 18, 2024). Here, that is exactly what Plaintiff is asking for – to engage in an unfounded fishing expedition in hopes of discovering that ASML consented to jurisdiction in New York, despite failing to make out a prima facie case for personal jurisdiction over ASML. ASML has merely challenged the legal sufficiency of the jurisdictional allegations in Plaintiff's Amended Complaint, and Plaintiff's response is to guess about what discovery might reveal that could help bolster her inadequate pleading. Respectfully, the Court should deny Plaintiff's request and grant ASML's Motion. *Bertin*, 2024 WL 196670, at *7; *see also Jazini v. Nissan Motor Co.*,

148 F.3d 181, 186 (2d Cir.1998) (holding no error in denying discovery where plaintiff fails to establish prima facie case).

The Court should also deny Plaintiff's request for jurisdictional discovery regarding (1) how many dollars in revenue ASML earns from sales within the State of New York; and (2) whether the computer chips Plaintiff helped create *in Connecticut* "ended up in New York." ECF No. 23, at p. 4. As ASML has already established in its Motion, merely selling goods into a state's stream of commerce is insufficient to establish personal jurisdiction. *See Daimler AG v. Bauman*, 571 U.S. 117, 132 (2014). And Plaintiff does not dispute that ASML derives less than five percent of its revenue from New York, which itself cannot support a finding of personal jurisdiction. *See Bodum U.S.A., Inc. v. Hantover, Inc.*, No. 11 CIV. 8702 SAS, 2012 WL 1309176, at *4 (S.D.N.Y. Apr. 16, 2012). Accordingly, no discovery on these issues would be fruitful.

### C. Cynthia Houston's Credibility Is Not At Issue.

Plaintiff attempts to attack the credibility of ASML's Human Resources Director, Cynthia Houston by arguing that her role as a Director of Human Resources somehow disqualifies her from speaking with personal knowledge about the facts stated within her declaration. In support of this unfounded proposition, Plaintiff misrepresents certain of Ms. Houston's allegations about ASML as being made "upon information and belief." ECF No. 23, p. 5. This is false. In fact, the only allegation Ms. Houston made "upon information and belief" was to state that ASML's **third party in-state agent for service** maintains an address at 28 Liberty Street, New York, NY 10006. ECF No. 21-1, at ¶ 6. It is entirely appropriate for Ms. Houston to make an allegation about a third-party's address "upon information and belief," and – critically – Plaintiff does not dispute Ms. Houston's allegation. Ms. Houston's statement that ASML's principal place of business has never been in New York was made with personal knowledge, as were all other allegations in her Declaration. ECF No. 21-1. Plaintiff does not dispute that Houston has personal knowledge of the facts in her declaration, nor does she offer any competing facts to suggest that any information in Houston's declaration is inaccurate. Accordingly, jurisdictional discovery is inappropriate and would merely be a fishing expedition designed to bolster Plaintiff's inadequate pleading. *Bertin*, 2024 WL 196670, at *7.

### D. None of Plaintiff's Ancillary Allegations Establish a Prima Facie Case of Jurisdiction.

Plaintiff's injection of extraneous and irrelevant factual allegations into her Opposition (ECF No. 23, pp. 4-5) only solidifies her inability to establish a prima facie case of personal jurisdiction and emphasizes her desperation to distract the Court from the appropriate legal standard. "District courts deciding a motion to dismiss for lack of personal jurisdiction engage in a two-part analysis, first determining whether there is a statutory basis for exercising personal jurisdiction, … and second deciding whether the exercise of jurisdiction comports with due process." *BWP Media USA Inc. v. Hollywood Fan Sites, LLC*, 69 F. Supp. 3d 342, 349 (S.D.N.Y. 2014). Importantly, Plaintiff does not identify a single statutory basis for any of her arguments, nor does she cite to New York's long-arm statute, or attempt to rebut any of ASML's arguments under the requisite personal jurisdiction analysis. As ASML has established, it is not subject to either general or specific jurisdiction in this Court. ECF No. 21, pp. 13-23. ASML is not "at home" in New York, and it is undisputed that Plaintiff's claims arise solely from her employment and dealings with ASML in Connecticut—not New York. *Id*. Accordingly, Plaintiff cannot establish a prima facie case of personal jurisdiction over ASML in New York, and her Complaint must be dismissed.

## II. PLAINTIFF FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

Plaintiff fails to address several critical arguments within ASML's Motion to Dismiss the Amended Complaint, and ASML's Motion should be granted on that basis alone. In addition, throughout her Opposition, Plaintiff relies almost exclusively upon summary judgment cases, which provide little relevant guidance regarding whether her claims were adequately pled under Rule 8. Finally, as described below, Plaintiff's Opposition demonstrates that the defects in her Amended Complaint cannot be cured and therefore dismissal is required.

### A. Plaintiff Has Not Plausibly Pled an Inference of Disability Discrimination.

Plaintiff argues that her allegations "need only give plausible support to a minimal inference of discriminatory motivation," *Vega v. Hempstead Union Free sch. Dist.*, 801 F.3d 72 (2d Cir. 2015). While Plaintiff emphasizes the "minimal inference" portion of the quoted text,

*Vega* focused on "what 'plausibility' means in the context of employment discrimination claims." *Id.* at 86. The Second Circuit held that, "[a]t the pleadings stage. . . a plaintiff must allege that the employer took adverse action against her at least in part for a discriminatory reason, and she may do so by alleging facts that directly show discrimination or facts that indirectly show discrimination by giving a plausible inference of discrimination." *Id.* at 87. Here, because Plaintiff offers no direct evidence of discrimination, she must allege *facts* showing indirect discrimination, and those facts must be *plausible*, not merely *conceivable*. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Iqbal*, 556 U.S. at 680 (If the plaintiff has not "nudged [her] claims across the line from *conceivable* to *plausible*, [the] complaint must be dismissed.") (emphasis added).

Plaintiff claims that she has met her burden by alleging that (1) ASML knew that Plaintiff was undergoing treatment for psychosis, panic disorder, and anxiety disorder; (2) a few weeks later, ASML began making false statements about Plaintiff's performance; and then (3) ASML terminated Plaintiff's employment for the pretextual reason that she violated an allegedly non-existent visitation policy. ECF No. 23 at 7. This set of facts – as alleged in the Amended Complaint and Plaintiff's Opposition – does not establish a *plausible* claim for disability discrimination. "[T]he deficiency of Plaintiff's claims of discrimination… is resonant of the familiar faulty syllogism: something bad happened to me at work; I am (fill in the blank with one or more protected categories); therefore it must have happened because I am (fill in the blank with the applicable protected category)."*Cardwell v. Davis Polk & Wardwell LLP*, No. 1:19-CV-10256-GHW, 2020 WL 6274826, at *26 (S.D.N.Y. Oct. 24, 2020). Such reasoning is insufficient to sustain a *plausible* discrimination claim at the pleadings stage. *See Jackson v. Wells Fargo Home Mortgage*, 811 Fed. App'x. 27, 30 (2d Cir. 2020) (affirming dismissal of discrimination claim because plaintiff's "conclusory and speculative assertion that she was targeted" were insufficient to establish a "plausible" claim).

Moreover, Plaintiff's allegations regarding unspecified individuals as comparators do not give rise to an inference of discrimination. "[W]ithout factual amplification, the generic allegation of disparate treatment related to an unspecified class of . . . persons is simply not sufficient to 'nudge . . . claims across the line from conceivable to plausible,' and thus is insufficient to support

[a]. . . discrimination claim." *Henry v. NYC Health & Hosp. Corp.*, 18 F. Supp. 3d 396, 408 (S.D.N.Y. 2014). At the pleading stage, a Plaintiff must allege "how the . . . employees' identities, experience levels, and conduct compared to Plaintiff's." *See Norwick v. Vill. of Wappingers Falls, New York*, 376 F.Supp.3d 318, 343 (S.D.N.Y. 2019) (dismissing an ADA claim in part because "[p]plaintiff nonetheless fails to allege how or why a Lieutenant—an officer with a different job title—is similarly situated to a Detective or Patrol Officer"). Here, Plaintiff does not identify *any* comparators, let alone state how they were similarly-situated to her, and thus she fails to plausibly allege an inference of discrimination. Accordingly, Plaintiff's disability discrimination claim must be dismissed.

### B.  Plaintiff Does Not Address Racial Discrimination in Her Opposition.

Plaintiff's Opposition does not address *any* of ASML's arguments that she has not plausibly alleged a Title VII race/national origin discrimination claim, and therefore ASML's Motion must be granted. A court "may, and generally will, deem a claim abandoned when a plaintiff fails to respond to a defendant's arguments that the claim should be dismissed." *Lipton v. Cnty of Orange, N.Y.*, 315 F.Supp.2d 434, 446 (S.D.N.Y. 2004); *see also Robinson v. Fischer*, No. 09 Civ. 8882(LAK) (AJP), 2010 WL 5376204, at *10 (S.D.N.Y. Dec. 29, 2010) (collecting cases).

As ASML established in its initial Motion to Dismiss the Amended Complaint, Plaintiff fails to plead facts sufficient to establish the adverse employment action occurred under circumstances giving rise to an inference of discriminatory intent due to race/national origin. Plaintiff does not allege that her termination had anything to do with her race or national origin within her Amended Complaint, and similarly ignores this significant deficiency in her Opposition. Accordingly, Plaintiff's Title VII race/national origin discrimination claim should be dismissed.

### C.  Plaintiff Does Not Sufficiently Plead That She Engaged in Protected Activity.

Plaintiff argues that because she allegedly used the term "discrimination" in her communication with Human Resources, she has plausibly alleged that she engaged in protected activity. ECF No. 23 at 8. However, Plaintiff's reasoning is flawed, because as ASML has already pointed out, a "plaintiff's belief . . . is not reasonable simply because he or she complain[ed] of

something that appears to be discrimination in some form." *Small v. N.Y.C. Dep't of Educ.*, 650 F. Supp. 3d 89, 102 (S.D.N.Y. 2023). Indeed, "mere subjective good faith belief is insufficient; the belief must be reasonable and characterized by *objective* good faith." *Kelly v. Howard I. Shapiro & Assocs. Consulting Eng'rs, P.C.*, 716 F.3d 10, 16-17 (2d Cir. 2013). Objectively referring to someone's race, without more, does not reasonably constitute an unlawful employment practice. *See Cousin v. Bennett*, 511 F.3d 334, 339 (2d Cir. 2008); *Kearney v. Pyramid Mgmt Grp., Inc.*, No. 98-CV-0531E (SC), 2000 WL 744000, at *13 (W.D.N.Y. June 5, 2000). Unsurprisingly, Plaintiff offers no counterargument or legal authority stating that a neutral reference to a person's race is an unlawful employment practice—likely because it does not exist. Making a complaint to ASML regarding her supervisor's statement does not constitute protected activity simply because she used the word "discrimination."

> **D. Plaintiff Misstates the Standard and Fails to State a Hostile Work Environment Claim.**

Plaintiff's sole rebuttal to ASML's hostile work environment claim is that "the effect on the employee's psychological well-being is . . . relevant to determining whether the plaintiff actually found the environment abusive" and that "the totality of the circumstances must be examined" in hostile work environment claims (citing *Dortz v. City of New York*, 904 F. Supp. 127, 149 (S.D.N.Y. 1995)). However, Plaintiff's lone case citation misrepresents the standard required to plead a hostile work environment claim. In *Dortz*, (a summary judgment case), the court held that the determination of a hostile work environment "rests upon an examination of the totality of the circumstances, including the frequency of the discriminatory conduct; its severity; whether its physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonable interferes with an employee's work performance." *Id.* at 149. As reflected in *Dortz*, while the effect on Plaintiff's psychological well-being may be considered in determining whether she subjectively believed she was subject to a hostile work environment, that fact alone is insufficient to state a claim for hostile work environment. Indeed, to survive a motion to dismiss, Plaintiff must sufficiently plead facts that show the complained-of conduct "(1) is objectively severe or pervasive—that is, … creates an environment that a reasonable person would find hostile of abuse; (2) creates an environment that the plaintiff subjectively perceives as hostile or abusive;

and (3) creates such an environment because of the plaintiff's [protected class]." *Patane v. Clark*, 608 F.3d 106, 113 (2d Cir. 2007).

In her Opposition, Plaintiff does not even try to bolster the inadequate allegations in her Amended Complaint or explain why they are sufficient to state a claim for relief. Rather, she confirms that her entire hostile work environment claim is based on a single, matter-of-fact reference to Plaintiff being Pakistani. ECF No. 21, p. 9. Plaintiff does not dispute that this lone comment was neither "continuous and concerted," nor "extraordinarily severe," nor physically threatening or humiliating. *Littlejohn v. City of New York*, 795 F.3d 297, 311 (2d Cir. 2015); *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 23, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993). Nor does Plaintiff attempt to distinguish the numerous cases cited by ASML with fact patterns far more egregious than what Plaintiff alleges here, which were dismissed by courts as insufficiently severe and pervasive to state a claim for hostile work environment. ECF No. 21, pp. 36-37. For all of the reasons set forth in ASML's Motion (which Plaintiff fails to address, much less refute), Plaintiff's hostile work environment claim must be dismissed.

## CONCLUSION

For the foregoing reasons ASML respectfully requests that the Court grant its Motion to Dismiss.

| | |
|---|---|
| Dated: October 4, 2024<br>Phoenix, Arizona | SNELL & WILMER L.L.P.<br><br>By: /s/ Benjamin J. Naylor<br>Taryn J. Gallup (SBA No. 5019674)<br>Benjamin J. Naylor (*Admitted Pro Hac Vice*)<br>One East Washington Street, Suite 2700<br>Phoenix, Arizona 85004-2556<br>Telephone: 602.382.6000<br>tgallup@swlaw.com<br>bnaylor@swlaw.com<br><br>*Attorneys for ASML US, LLC* |