```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------- X
                                          :
ALEENA SAEED,                             :
                           Plaintiff,     :    24cv5176 (DLC)
                                          :
              -v-                         :    OPINION AND
                                          :         ORDER
ASML US, LLC,                             :
                           Defendant.     :
                                          :
                                          :
----------------------------------------- X
```

APPEARANCES:

For plaintiff Aleena Saeed:
Garry Pogil
Law Office of Garry Pogil
1120 Avenue of the Americas, 4th Floor
New York, NY 10036

For defendant ASML US, LLC:
Benjamin J. Naylor
Taryn Jean Gallup
Snell & Wilmer
1 East Washington Street, Suite 2700
Phoenix, AZ 85004

DENISE COTE, District Judge:

The plaintiff Aleena Saeed ("Saeed") has sued her former employer, ASML US, LLC ("ASML"), for employment discrimination. ASML moves to dismiss the action for lack of personal jurisdiction and for a failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(2) and (6), Fed. R. Civ. P. For the following reasons, the motion is granted.

## Background

The following facts are taken from the first amended complaint ("FAC"). They are assumed to be true for the purpose of this Opinion.

Saeed is a woman of Pakistani/Kashmiri descent. Starting on September 6, 2022, she worked as a full-time Optical Fabrication Technician in the defendant's chemical process and lithography division, at its facility in Wilton, Connecticut.

On October 18 or 19, 2022, Saeed suffered an acute health episode while at work, resulting in her hospitalization. On February 10, 2023, Saeed's medical provider informed ASML that she was cleared to return to work without restriction, and she did so on February 21. ASML fired Saeed on August 16, 2023.

After filing a charge of discrimination with the Equal Employment Opportunity Commission (EEOC), Saeed received a Notice of Right to Sue on May 20, 2024. She received a Release of Jurisdiction from the Connecticut Commission on Human Rights and Opportunities on June 24, 2024. She filed the initial complaint in this action on July 9, 2024, alleging discrimination on the basis of disability, race, and national origin, in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA"), Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"), and Conn.

2

Gen. Stat. § 46a-60. Saeed also alleges that ASML retaliated against her in violation of the ADA, Title VII, and Connecticut state law.

ASML filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6) on August 7. Saeed filed the FAC on August 12, and ASML renewed its motion to dismiss on August 26. This motion became fully submitted on October 4.

## Discussion

The defendant moves to dismiss the FAC on two independent grounds: First, ASML argues that the Court lacks personal jurisdiction over it, because the events giving rise Saeed's claims did not happen in New York, and ASML is not "at home" in New York. Second, ASML argues that the FAC fails to adequately plead any of its ADA, Title VII, or Connecticut state law claims. ASML is correct that it is not amenable to suit for these claims in New York. Accordingly, and without reaching the parties' Rule 12(b)(6) arguments, the motion to dismiss is granted.

"To defeat a motion to dismiss for lack of personal jurisdiction, a plaintiff must make a prima facie showing that jurisdiction exists." Okla. Firefighters Pension & Ret. Sys. v. Banco Santander (México) S.A. Institución de Banca Múltiple, 92 F.4th 450, 455-56 (2d Cir. 2024) (citation omitted). And at

this stage, the pleadings must be construed "in the light most favorable to plaintiffs, resolving all doubts in their favor." Id. at 456 (citation omitted).

> Before a court may exercise personal jurisdiction over a defendant, three requirements must be met: (1) the plaintiff's service of process upon the defendant must have been procedurally proper; (2) there must be a statutory basis for personal jurisdiction that renders such service of process effective; and (3) the exercise of personal jurisdiction must comport with constitutional due process principles.

Fuld v. Palestinian Liberation Org., 82 F.4th 74, 85 (2d Cir. 2023) (citation omitted).  ASML does not dispute that it was properly served.  To analyze the remaining requirements, federal courts typically evaluate whether the state in which it sits permits the exercise of personal jurisdiction, then, if it does, whether the Due Process Clause allows it.  Okla. Firefighters, 92 F.4th at 456.

New York law provides for two forms of personal jurisdiction: general jurisdiction, N.Y. C.P.L.R. § 301, and specific jurisdiction, id. § 302.  A defendant could also be subject to personal jurisdiction based on their prior consent to be sued in the forum.  See, e.g., Nat'l Union Fire Ins. Co. of Pittsburgh v. UPS Supply Chain Sols., Inc., 74 F.4th 66, 76 (2d Cir. 2023).

4

Saeed does not cite to any particular section of New York's personal jurisdictional statutes, but she makes arguments invoking each of these bases. None are successful.

I. General Jurisdiction

Because of the breadth of general jurisdiction under New York law, New York courts have referred to the due process limits of the U.S. Constitution to outline the contours of their general jurisdiction. See Aybar v. Aybar, 37 N.Y.3d 274, 287, 289 (2021). Under the U.S. Constitution's Due Process Clause, general jurisdiction covers any claims against a given defendant, but only if that defendant is "essentially at home" in the forum state. Fuld, 82 F.4th at 87 (quoting Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct., 592 U.S. 351, 358 (2021)). A corporate defendant is essentially at home where it is incorporated and where it has its "principal place of business." Mallory v. Norfolk S. Ry. Co., 600 U.S. 122, 137 (2023).

There is no general jurisdiction over the defendant in New York state. The defendant is incorporated in Delaware and maintains its principal place of business in Arizona, which Saeed does not contest.

Saeed alleges that ASML does substantial business in New York, including with the state government itself, and has three large offices here. Even assuming these facts are true, they do

not meet the bar that the Supreme Court has set for general jurisdiction over a corporate entity.

II. Specific Jurisdiction

New York's long-arm statute provides for specific jurisdiction where the defendant purposefully transacts business and there is a "substantial relationship between the transaction and the claim asserted." Spetner v. Palestine Inv. Bank, 70 F.4th 632, 639 (2d. Cir. 2023) (citation omitted). The second prong requires "an articulable nexus" or "substantial relationship" between the defendant's in-state business and the plaintiff's causes of action. D & R Global Selections, S.L. v. Bodega Olegario Falcon Pineiro, 29 N.Y.3d 292, 298-99 (2017).

Saeed has not pleaded or shown that there is a substantial relationship between Saeed's claims and the defendant's activities in New York state. All of Saeed's claims arise from her employment (and its termination) with ASML. According to the FAC, Saeed was employed and fired in Connecticut, not New York.

Saeed speculates that she may have participated in the manufacturing of products that ended up in New York, and that those products may have been the subject of ASML customer support services located in New York. These facts do not connect ASML's contacts with New York to Saeed's claims.

6

Finding specific jurisdiction based only on an employee's participation in a supply chain reaching into the forum state would virtually negate the requirement that the claims connect to the defendant's contacts with the forum state.

III. Consent

Saeed places her greatest reliance on a theory that the defendant consented to being sued in this action in New York state. Personal jurisdiction may exist where there is "a voluntary agreement on the part of a defendant to proceed in a particular forum." Fuld, 82 F.4th at 87. Consent can be express or implied. Id. at 88. Implied consent has typically arisen in one of two ways: inference from litigation-related conduct, or the defendant's acceptance of some benefit from the forum state conditioned on its accepting amenability to suit. See id. at 93.

Saeed argues that ASML has implicitly consented to personal jurisdiction in New York. She points to the company's internal human relations documents -- distributed to and signed by new employees, including Saeed -- which explain that allegations of harassment, discrimination, and retaliation can be heard by the EEOC as well as its

> state equivalent[s], including but not limited to the Oregon Bureau of Labor and Industries . . ., the California Department of Fair Employment and Housing . . ., the Connecticut Commission [on] Human

7

> Rights and Opportunities . . ., the New York State
> Division of Human Rights . . ., and other applicable
> state and local agencies . . . .

Saeed argues that ASML's acknowledgement of the authority of a New York agency to hear employment discrimination claims implies its consent to suit here.

It does not. The cited language simply informs employees that various federal, state, and local agencies (in New York and elsewhere) exist to hear claims of employment discrimination. Saeed does not point to any statement by ASML explicitly or implicitly expressing consent to be sued in New York for conduct that did not take place here.[1]

In her opposition to the instant motion, Saeed implies that further discovery is necessary to probe ASML's contracts with the State of New York, for instance whether it consented to submit to jurisdiction in New York in any of the contracts it entered with New York State. The plaintiff's speculation that ASML may have consented to jurisdiction as to Saeed's claims in some contract with the State is too far-fetched to warrant jurisdictional discovery. See Daou v. BLC Bank, S.A.L., 42 F.4th 120, 133 n.6 (2d Cir. 2022).

---

[1] The FAC mentions that ASML has designated an address in New York for accepting service of process. Doing so does not establish consent to general jurisdiction in New York courts. Aybar, 37 N.Y.3d at 280.

## Conclusion

ASML's August 26, 2024 motion to dismiss is granted. Saeed's claims are dismissed without prejudice to refiling in a different forum.

Dated:   New York, New York
         October 30, 2024

                                               DENISE COTE
                                    United States District Judge